IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-111-Z (01) |
| KYE LANHAM OHAIR | |

## FACTUAL RESUME

In support of Kye Lanham Ohair's plea of guilty to the offense in Count Two of the Indictment, Ohair, the defendant, Paul Herrmann and Natalie Archer, the defendant's attorneys, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), that is, Possession of a Firearm in a School Zone, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a firearm as charged in the indictment;

*Second.* That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country; and

*Third.* The possession of the firearm occurred at a place that the defendant

---

[1] 18 U.S.C. §§ 922(q)(2)(A) and 921(a)(26) and (27); *see also United States v. Allam*, 677 F. Supp. 3d 545, 549 (E.D. Tex. 2023), *aff'd*, 140 F.4th 289 (5th Cir. 2025).

knew, or had reasonable cause to believe, was a school zone.

The term "school zone" means in, or on the grounds of, a public, parochial or private school, or within a distance of 1,000 feet from the grounds of a public, parochial or private school.

The term "school" means a school which provides elementary or secondary education, as determined under State law.

## STIPULATED FACTS

1. On or about September 8, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, Kye Lanham Ohair, defendant, knowingly possessed a firearm, that is: a Smith & Wesson, M&P 15-22P, .22 caliber rifle, serial number WAM1681, that had moved in or affected interstate or foreign commerce, within a distance of 1,000 feet of the grounds of Heritage Hills Elementary School, a place that the defendant knew and had reasonable cause to believe was a school zone, in violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(a)(4).

2. At all times material to this factual resume, Heritage Hills Elementary School was a public school which provided elementary or secondary education, as determined under Texas state law.

3. In 2025, Amarillo Police Department (APD) School Resource Officers (SRO) were assigned to Heritage Hills Elementary School due to ongoing issues involving Kye Lanham Ohair trespassing on school property. APD SROs were notified that if Ohair returned to the school again, Ohair should be arrested for criminal trespass.

4. On September 8, 2025, Ohair parked his vehicle on the street near the school. Ohair exited his vehicle and walked approximately 30 feet onto school property.

Ohair admits that he knew, or had reasonable cause to believe, that he and his vehicle were in a school zone. An SRO contacted Ohair and instructed Ohair to stop. Ohair quickly walked away from the officer and toward his vehicle. The SRO followed Ohair and informed him that he was not allowed to be on the property. Ohair told the officer that he knew he was not allowed on the property and that he was leaving. Ohair then ran towards his vehicle. The officer threatened to tase Ohair. Ohair stopped running and was placed under arrest.

5. SROs secured Ohair's vehicle, which was still running. The officers observed a box of .22 caliber ammunition on the dashboard of the vehicle. When questioned, Ohair advised there was a firearm behind the passenger seat of the vehicle. SROs retrieved the firearm for safekeeping. The firearm was identified as a Smith & Wesson, M&P 15-22P, .22 caliber short-barrel rifle, serial number WAM1681.

6. Alcohol, Tobacco, Firearms and Explosives Special Agent (ATF SA) Raymie Turner later examined the firearm. SA Turner used a dowel rod to measure the length of the barrel. The barrel length was less than 16 inches long and, therefore, the firearm is a short-barrel rifle. The firearm is subject to the National Firearms Act (NFA) and can only be possessed if it is registered in the National Firearms Registration and Transfer Record (NFRTR). On September 12, 2025, SA Turner confirmed that Ohair does not have any record of registering any firearms within the NFRTR.

7. Ohair admits that the firearm functioned as designed and, therefore, was a firearm as defined by federal law. Further, Ohair admits that the firearm was not manufactured in the State of Texas. The Smith & Wesson, M&P 15-22P, .22 caliber

short-barrel rifle, serial number WAM1681, was manufactured in Deep River, Connecticut. Because the firearm was found in Texas on September 8, 2025, it must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time between any part of the United States or a foreign country.

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the Indictment.

9. The defendant further admits and agrees that he possessed the above-described firearm in violation of 18 U.S.C. § 922(q)(2)(A) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), including any additional ammunition, magazines, or accessories recovered with the firearm.

AGREED TO AND STIPULATED on this 12th day of January, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

Kye Lanham Ohair
Defendant

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

/s/ Natalie Archer

Paul Herrmann and Natalie Archer
Attorneys for Defendant

Kye Lanham Ohair
Factual Resume—Page 4